IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
JAMIE LYNN STROUD,              )
                                )
      Plaintiff,                )
                                )       CIVIL ACTION NO.
      v.                        )        3:25cv726-MHT
                                )            (WO)
JIMMY ABBETT,                   )
                                )
      Defendant.                )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, who was incarcerated in the Tallapoosa County Jail at the time of filing, filed this lawsuit asserting that defendant violated his constitutional rights by denying him access to a needed operation for a foot injury while he was in the jail.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice for failure to prosecute and because plaintiff failed to comply with a court order.  Also

before the court are plaintiff's objections to the recommendation. [1]

Defendant filed a motion to dismiss plaintiff's claims against him in December 2025. In March 2026, the magistrate judge ordered plaintiff to show cause why defendant's motion to dismiss should not be granted.[2] She gave him three weeks to respond, and

---

1. This case is not the first time plaintiff has filed suit on these underlying allegations. He previously sued defendant, failed to prosecute the case, and had it dismissed without prejudice for failure to comply with a court order to respond to defendant's motion for a more definite statement. *See Stroud v. Abbott*, No 3:24-cv-822-WKW, 2025 WL 2411748, at *1 (M.D. Ala. Aug. 20, 2025) (Watkins, J.) ("[T]he court finds a clear record of delay, given the extended period of non-compliance and the notice provided.").

2. Because plaintiff is pro se, the court has carefully considered the allegations in the complaint in the face of defendant's motion to dismiss. Plaintiff alleges that the jail/defendant failed to take him to a scheduled surgery for his broken foot and then released him the next day. It is questionable whether this allegation asserts a violation of a settled principle of constitutional law (including deliberate indifference) as well as causation at to any damages. Plaintiff also alleges that he was then incarcerated again, a month later, and he further alleges that he filed grievances about his foot still needing attention, and that, by another

plaintiff failed to comply.  About three weeks later, the magistrate judge issued the recommendation that is now before the court.  She gave plaintiff two weeks to file objections to her recommendation.  Plaintiff failed to file his objections by the deadline; the court received his objections a little less than a couple weeks after the deadline.  In his letter, plaintiff does not respond to the motion to dismiss nor raise any specific objections to the recommendation.[3]

---

individual, he was denied a rescheduled operation.  However, it is not only unclear whether the defendant here bore any responsibility for any denial of surgery resulting from the second incarceration, it is also unclear whether the second incarceration was related to the alleged offense giving rise to the prior incarceration or was for another alleged offense.  In any event, it is questionable whether these additional allegations, alone or in conjunction with the prior allegation, assert a violation of a settled principle of constitutional law.

3.  Plaintiff also failed to note the date he placed the objection in the possession of prison authorities, which is considered the filing date under the 'prison mailbox rule.'  *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (citations omitted)).  He

3

Therefore, after an independent and de novo review of the record, the court concludes the objections should be overruled and the magistrate judge's recommendation should be adopted.

An appropriate order and judgment will be entered.

DONE, this the 9th day of July, 2026.

　　　　　　　　　　　　　__/s/ Myron H. Thompson__
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

also did not date his letter, which would allow the court to "assume that [he] delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).